Argued and submitted June 3, affirmed August 4, reconsideration denied
October 20, 1987

## JOSEPH ANTHONY BAKER,
*Petitioner on review,*

*v.*

## BOARD OF PAROLE,
*Respondent on review.*

(CA A41615; SC S33897)

740 P2d 772

Lawrence E. Hall, Deputy Public Defender, Salem, argued the cause for petitioner on review. On the petition for review was Gary D. Babcock, Public Defender, Salem.

J. Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

Gillette, J., filed an opinion concurring in part and dissenting in part, joined by Linde, J.

## PER CURIAM

Petitioner was convicted for arson in the first degree and was sentenced to a 10-year term of imprisonment with a 30-month minimum sentence.

At petitioner's prison term hearing, the Board of Parole (Board) established a history/risk score of 8 under crime category 5 with a matrix range of 24 to 36 months, but sustained the 30-month minimum and set petitioner's release date at March 12, 1988.

Petitioner appealed from the final order of the Board dated August 5, 1986. The Court of Appeals affirmed from the bench.

■ Petitioner seeks review in this court, complaining that the Board erred in not giving reasons for sustaining the 30-month minimum sentence. We attach the Board Action Form (Appendix I), which reflects that the entire panel agreed the 30-month minimum term was appropriate for this man, who burned down his mother's home, totally destroying it and its contents and causing $56,337 in damages. The Board voted to sustain the minimum sentence and set a one-year period of supervision on parole because of the nature of the offense. The Board is not required to state further details for its decision. *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987).

■ This petitioner's other complaint is that the Board failed to consider a factor in mitigation. He contends that he would have received a better history/risk score under the matrix if he had been credited with not having an admitted or documented use of intoxicants within three years. Petitioner told the board that his main defense to the arson charge was that he was too intoxicated to know what he was doing. The admission constituted evidence of current alcohol abuse. The Board also found that petitioner has a prior driving under the influence of intoxicants conviction, for which he received probation. He violated his probation. He has a further conviction of driving while suspended and driving under the influence of intoxicants; he has received alcohol treatment in Seattle, Washington; and he admitted to the presentence reporter for this conviction that he continues to drink but he seldom drinks alcohol more than one day in a row because it makes him sick with a bad hangover. He admits that he is not sure if

he has an alcohol abuse problem. The Board concluded that he did have an alcohol problem and recommended that when he was paroled that he abstain from the use of intoxicants.

The Board did not err in finding the prisoner had a documented alcohol abuse problem. Further, the Board did not err in sustaining this prisoner's 30-month minimum sentence.

The decision of the Court of Appeals is affirmed.

OREGON BOARD OF PAROLE
BOARD ACTION FORM

NAME __BAKER, JOSEPH ANTHONY__ DATE ADM __04/10/1986__ DOB __08/12/1948__ CC PROB _____

SID # __4465561__ INST # __49725__ ADJ COMT __09/13/1985__ RACE _____ DET/NOT _____

INST __OSP__ GOODTIME __05/13/1992__ SEX _____ BR OFF _____

AKA _____ EXP DATE __09/12/1995__ HGT _____ ADD CONVS _____

| CASE # COUNTY | ORS-OFFCLS OFFENSE | CTS | SENTENCE MIN SENT | MAN MIN | CS TO | SENTENCE BEGINS | TS DAYS | JUDGE |
|---|---|---|---|---|---|---|---|---|
| 1085/09452 LANE | 164.325 AF ARSON I | 01 | 10/00/00 | 03/06 | | 04/03/1986 | 310 | MATTISON |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

A __2__ B __1__ C __1__ D __2__ E __2__ F __0__ H/R __8__ CRIME CAT __5__ MATRIX RANGE __24__ TO __36__ DANG OFF _____ SEX OFF _____

HEARING DATE __08/05/1986__ ACTIVITY _____ ACTION _____ MOS SET __30__ RELEASE DATE __03/12/1988__

AGGRAVATION __L__ MITIGATION __H__ RESCHEDULE _____ TYPE _____ W/PSYCH _____ PANEL __H J__

COMMENTS/REASONS    INMATE BAKER SIGNED ORS 144.210 WAIVER ELECTING TO PROCEED WITHOUT INFORMATION
AS REQUIRED BY STATUTE.

PANEL RECOMPUTED H/R SCORE ACCORDING TO REVISED MATRIX EFFECTIVE 7/15/85 AND
FOUND NO CHANGE.

PANEL FINDINGS: H/R SCORE 8; CRIME CATEGORY 5; MATRIX RANGE 24 TO 36
MONTHS. INMATE AGREES WITH ACCURACY OF H/R SCORE.

PANEL DETERMINED A 30 MONTH PRISON TERM IS APPROPRIATE, THEREFORE, PANEL
ESTABLISHED A RELEASE DATE OF 3/12/1988.
PANEL SUSTAINED 30 MONTH MINIMUM.
ONE YEAR SUPERVISION DUE TO NATURE OF OFFENSE.

AGGRAVATION: L. REPETITION OF BEHAVIOR PATTERN WHICH CONTRIBUTES TO CRIMINAL
CONDUCT.    MITIGATION: ORDERED TO PAY RESTITUTION AFTER TERM OF IMPRISON-
MENT.
CONDITION 9A HAS BEEN IMPOSED. INMATE IS NOT TO DRINK. SHOULD INMATE VIOLATE THIS CONDITI
SPECIAL CONDITIONS    1 2 3 4 5 6 7 8    OTHER CONDITIONS    PAROLE OFFICER IS TO NOTIFY THE BOARD IMMED:
9A 9B 9C RO BD 10
11 12 13 14 15 16

TENTATIVE DISCHARGE __1 YR. $__

SIGNATURE PRESIDING MEMBER __/S/ DINSMORE / PM    044__ DATE __08/05/1986__

APPENDIX I

255-039 06/85

**GILLETTE, J.,** concurring in part and dissenting in part.

For the reasons expressed in my dissenting opinion in *Anderson v. Board of Parole,* 303 Or 618, 632, 740 P2d 760, 769 (1987), I respectfully dissent from that portion of this opinion dealing with a "detailed explanation," under ORS 144.135, of the action taken by the Board of Parole with respect to the mandatory minimum sentence. I concur with the balance of the opinion.

Linde, J., joins in this concurring and dissenting opinion.